UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

December 3, 2020

LETTER TO COUNSEL

RE: *Timothy M. v. Saul*
Civil No. DLB-19-2234

Dear Counsel:

On August 2, 2019, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. ECF 14 ("Pl.'s Mot."); ECF 15 ("Def.'s Mot."); ECF 16 ("Pl.'s Resp."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed his claim for benefits on December 11, 2015, alleging an onset date of August 1, 2015. Administrative Transcript ("Tr.") 169. The SSA denied his claim initially and on reconsideration. Tr. 106-08, 114-15. An Administrative Law Judge ("ALJ") held a hearing on January 24, 2018. Tr. 32-80. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 11-31. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1-6; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "functional diarrhea, anxiety disorder, avoidant personality disorder, post-traumatic stress disorder (PTSD), and major depressive disorder." Tr. 17. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> Perform a full range of work at all exertional levels but with the following nonexertional limitations: able to perform simple, routine tasks; only simple, work-

*Timothy M. v. Saul*
Civil No. DLB-19-2234
December 3, 2020
Page 2

>related decisions with few workplace changes; no work at a fixed production pace; frequent interaction with the general public and co-workers; and occasional interaction with supervisors.

Tr. 20. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform his past relevant work as a semi-truck driver, asphalt truck driver, garbage truck driver, food bank driver, or paint salesperson but could perform other jobs existing in significant numbers in the national economy. Tr. 24-25. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 26.

On appeal, plaintiff argues the ALJ's failure to define "a fixed production rate pace" precluded review of her RFC analysis and rendered her step-five determination unsupported by substantial evidence. Pl.'s Mot. at 8-14. I find the ALJ precluded judicial review by inadequately explaining her decision. Accordingly, I remand but express no opinion as to plaintiff's ultimate entitlement to benefits.

In conducting substantial evidence review, courts look "to an existing administrative record and [ask] whether it contains 'sufficient evidence' to support the agency's factual *determinations*." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted) (emphasis added). Thus, agency conclusions, stated in terms cognizable to the Court, necessarily predicate substantial evidence review. In *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019), the Fourth Circuit held an ALJ's RFC assessment limiting the plaintiff to work "requiring a production rate or demand pace" frustrated review because the Court lacked "enough information to understand what those terms mean[t]." Expressing no opinion as to whether the RFC findings were correct, the Court remanded for "a clearer window into" the ALJ's reasoning. *Id.* at n.5 ("Without further explanation, we simply cannot tell whether the RFC finding…properly accounts for [the plaintiff's] moderate limitations in concentration, persistence, or pace. On remand, the ALJ will need to establish for how long, and under what conditions, [the plaintiff] is able to focus…and stay on task at a sustained rate."). And, while in *Thomas* the ALJ's utilization of the ambiguous term was one among many reasons the Court remanded, the Fourth Circuit has subsequently remanded solely for an ALJ's failure to define ambiguous terms in the RFC determination. *See, e.g.*, *Perry v. Berryhill*, 765 F. App'x 869, 873 (4th Cir. 2019).

Plaintiff argues the ALJ's use of "a fixed production rate pace" in the RFC determination and subsequent hypothetical to the VE created two related errors, one of which plaintiff raised in his response. First, plaintiff argues the ALJ's failure to define "a fixed production rate pace," coupled with that term's omission from the regulations and the Dictionary of Occupational Titles ("DOT"), prevented the VE's testimony from qualifying as substantial evidence. Pl.'s Mot. at 9, 11. In plaintiff's view, the ALJ and the VE could not have mutually understood the specific limitation the ALJ had in mind with respect to the ambiguous term. *Id.* Plaintiff argues the VE's testimony was thus based not on the ALJ's finding but the VE's interpretation of this unknown variable. *Id.* Consequently, plaintiff argues, the ALJ failed to carry her step-five burden to identify work in the national economy within plaintiff's capabilities because the ALJ relied on the defective VE testimony to establish the existence of such work. *Id.* at 14. Second, plaintiff argues the use

*Timothy M. v. Saul*
Civil No. DLB-19-2234
December 3, 2020
Page 3

of the ambiguous term places the RFC determination beyond meaningful review. Pl.'s Resp. at 4-8. The error, plaintiff emphasizes, is "particularly important" because the ALJ found plaintiff moderately limited in concentration, persistence, or pace and likely accounted for this moderate limitation with the ambiguous term. *Id.* at 7-8 (citing *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015)); *Perry*, 765 F. App'x at 872.

The Commissioner provides no counterargument as to the ALJ's failure to carry her burden to identify available work within plaintiff's capabilities at step five. *See* Def.'s Mot. Instead, the Commissioner simply argues the holdings of *Thomas* and *Perry* inapplicable because those cases do not address "the precise, specific limitation at issue here." *Id.* at 4. The Commissioner additionally argues substantial evidence supported the ALJ's RFC determination because the ALJ discussed plaintiff's medical records in finding him incapable of work at a fixed production rate pace. *Id.* at 4-5. Neither of the Commissioner's arguments, however, cure the *Thomas* error in this case.

First, the Commissioner unpersuasively distinguishes *Thomas* and *Perry* by arguing the Fourth Circuit "said nothing [in either case] about the specific limitation here that [p]laintiff takes issue with: 'no work at a fixed production rate pace.'" Def.'s Mot. at 4 (citing Tr. 20) (internal citation omitted). The Commissioner goes no further than to point out the difference, failing to argue any legal distinction. *See id.* In *Thomas* the Fourth Circuit considered the term "production rate or demand pace" and in *Perry* the term "non-production oriented work setting." *Thomas*, 916 F.3d at 312; *Perry*, 765 F. App'x at 872. Notably, in *Perry*, the Fourth Circuit found "non-production oriented work setting" ambiguous not by arguing the term indistinguishable from the one disputed in *Thomas* but by demonstrating the rationales of *Thomas* applied equally to the term then before the Court. 765 F. App'x at 872. The Commissioner makes no effort to argue whether "work at a fixed production rate pace" implicates the rationales of *Thomas* and *Perry*. Rather, the Commissioner suggests only that because the phrases are not identical, *Thomas* and *Perry* do not apply. I disagree.

The term used here is directly analogous to the terms in *Thomas* and *Perry*, both in form and defect. The Commissioner does not argue the regulations, the DOT, or the ALJ's decision define "work at a fixed production rate pace." *See Thomas*, 916 F.3d at 312. He also does not explain how the exclusion of "demand" and inclusion of "fixed" clarifies any ambiguity. The Commissioner likewise does not suggest the ALJ established "for how long, and under what conditions, [plaintiff] is able to 'focus…attention on work activities and stay on task at a sustained rate,'" as the Court in *Thomas* required the ALJ to find on remand. *Thomas*, 916 F.3d at 312 n.5. Because, as in *Perry*, the ALJ's utilization of "work at a fixed production rate pace" requires me "to guess about how [she] arrived at [her] conclusions" and creates "uncertain[ty] as to what [she] intended," remand is appropriate. *See* 765 F. App'x at 873.

Second, the Commissioner's argument that "the ALJ's detailed decision thoroughly discusses [p]laintiff's impairments and limitations…and makes clear why she found this specific limitation" is beside the point. Def.'s Mot. at 4-5. The ALJ's error precedes her burden to support her conclusions with substantial evidence. Thus, it may be the case the ALJ formulated this RFC

determination by properly considering all the evidence and drawing some logical conclusion as to plaintiff's limitations. It may even be the case the ALJ's decision on remand ultimately withstands judicial review by duplicating the RFC determination the ALJ had *in mind* here. The error plaintiff identifies goes not to the ALJ's ability to support her findings but to the clarity of her decision. Accordingly, I remand for further explanation and a "clearer window" into the ALJ's reasoning.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 14, is denied, and the Commissioner's motion for summary judgment, ECF 15, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                Sincerely yours,

                /s/

                Deborah L. Boardman
                United States Magistrate Judge